The judgment of the court was pronounced by
Rost, J.
This case has already been before us, and is reported in 4th Annual, 77.
Simoneau, the plaintiff, asks that the property in community between him and his minor children be adjudged to him at the price of appraisement. A family meeting, convoked for that purpose, advised the adjudication, and he presented a petition praying that it might be adjudicated to him under article 338 of the code; but the court rejected his application, on the ground that the article relied on was repealed by the act relative to community property, approved on the 26th of March, 1844. This is the only question presented by the plaintiff and appellant for our consideration.
The act of 1844 does not purport to repeal the article cited; but it is urged that it contains provisions irreconcilable with it. The law does not favor repeals by implication and when laws in pari materia are .to be interpreted, that construction is to be preferred which will give effect to all their provisions. C. C. art. 17.
We are unable to discover in the act of 1844 anything inconsistent with the right claimed by the appellant. It is true that the act declares in imperative language, that when there is issue from the marriage at the time of its dissolution, the surviving husband or wife shall hold in usufruct during his or her natural life, so much of the share of the deceased in the community property as may be inherited by such issue. The question is, then, what was, in contemplation of law, the share of the issue when that act was passed. It is clear, that it consisted in one half of the community property in kind, when there was no adjudication to the surviving parent; or of one half of its appraised value, when an adjudication had taken place : in one alternative the fruits of the property belonged to the surviving parent; in the other he was dispensed from paying interest on its appraised value.
The two laws are perfectly consistent with each other; and the plaintiff having complied with the requisite formalities,, is entitled to have the property adjudicated to him. But before this can be done the accounts of the minors must be settled, and he must give a special mortgage to secure their rights.
It is therefore ordered that the judgment be reversed, and the case remanded for further proceedings according to law; the costs of this appeal to be paid by the succession of Odille Hébert.